453 F.2d 408
 Leon W. BRADLEY, Jr., a minor by Leon W. Bradley, Sr., his
father and next friend, et al., Plaintiffs-Appellees,
v.
BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY, et al.,
Defendants-Appellees,
Grace Tilka et al. and Richard J. Deeb et al., Intervenors-Appellants.
 No. 71-2689.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 30, 1971.
 
 Robert F. Nunez, Helen K. Hobbs, St. Petersburg, Fla., for intervenors-appellants.
 James B. Sanderlin, John D. Carlson, St. Petersburg, Fla., for appellees.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Grace Tilka appeals from the order of the district court denying her motion for reconsideration of the court's order denying her leave to intervene in this suit as an individual and as a representative of a class of defendant-intervenors. We affirm.
 
 
 2
 The order denying reconsideration was filed the same day as the court's Final Order approving and adopting the School Board's Plan of Desegregation. Tilka thereafter timely filed her notice of appeal. Although a denial of intervention is not generally an appealable order with 28 U.S.C. Sec. 1291, we find that in the circumstances of this case, where the order denying intervention is filed contemporaneously with the court's Final Order, the denial of intervention constitutes a "Final Decision" within Sec. 1291.[1]
 
 
 3
 The court determined that it would be inappropriate to grant intervention. Under the facts presented and in view of the history of this litigation this court is of the opinion that Tilka was not entitled to intervene as a matter of right and that the district court did not abuse its discretion in denying permissive intervention. The order is affirmed.
 
 
 
 [1]
 See United States v. Wood, 295 F.2d 772, 778 (5th Cir. 1961); Stoudenmire v. Braxton, 299 F.2d 846 (5th Cir. 1962); Wright, Law of Federal Courts, Sec. 75 p. 332 (2d ed. 1970); 9 Moore, Federal Practice, p 110.13 (1970)